THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Calvin E. Todd, Appellant.
 
 
 

Appeal From Greenville County
 Alexander S. Macaulay, Circuit Court Judge

Unpublished Opinion No. 2011-UP-133
Submitted March 1, 2011  Filed March 29, 2011   

AFFIRMED

 
 
 
 Appellate Defender M. Celia Robinson, of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant
 Attorney General Deborah R.J. Shupe, all of Columbia; and Solicitor Walt Wilkins, of Greenville, for Respondent.
 
 
 

PER CURIAM:  Calvin E. Todd appeals his conviction for possession of crack cocaine with intent to distribute and sentence of twenty years'
imprisonment, arguing the circuit court erred in denying (1) his motions to suppress and (2) his motion for a directed verdict.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:
1.  As to whether the circuit court erred in denying Todd's motions to suppress evidence of his possession of crack cocaine resulting from a traffic
stop and search: State v. Tindall, 388 S.C. 518, 521, 698 S.E.2d 203, 205 (2010) ("On appeals from a motion to suppress based on Fourth Amendment
grounds, [an appellate court] applies a deferential standard of review and will reverse if there is clear error."); id. ("[W]here probable
cause exists to believe that a traffic violation has occurred, such a seizure is reasonable per se."); State v. Freiburger, 366 S.C. 125, 132, 620
S.E.2d 737, 740 (2005) ("[T]here are situations in which a warrantless search which immediately precedes an arrest is held lawful, in cases where the
police officer is held to have had probable cause from the outset.").
2.  As to whether the circuit court erred in denying Todd's motion for a directed verdict: State v. Adams, 332 S.C. 139, 144-45, 504 S.E.2d 124,
126-27 (Ct. App. 1998) (holding if a defendant presents evidence after the denial of his motion for a directed verdict at the close of the State's case, in
order to preserve the issue for appeal, he must make another motion for a directed verdict at the close of all evidence).
AFFIRMED.
FEW, C.J., and THOMAS and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.